**FILED**
Samuel L. Kay, Clerk
United States Bankruptcy Court
Augusta, Georgia
*By jpayton at 4:21 pm, Feb 02, 2012*

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA
Augusta Division

| | | |
|---|---|---|
| IN RE: | ) | Chapter 13 Case |
| RONALD F. KEY, JR. | ) | Number <u>09-10934</u> |
| LEAH HENNEMAN KEY | ) | |
| | ) | |
| Debtors | ) | |

<u>**ORDER**</u>

Before the Court is a Motion to Incur Debt filed by Ronald F. Key, Jr. and Leah Henneman Key (collectively, the "Debtors", with Ronald F. Key, Jr. referred to as "Key"). The issues in this case are: 1) whether four pieces of real estate inherited by Key from his mother more than 180 days after the Debtors filed their chapter 13 petition are property of the bankruptcy estate; and 2) whether Debtors' motion for Key to incur debt should be approved. This Court has jurisdiction over this matter under 28 U.S.C. §1334(b) and this is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A) and (D). For the following reasons, I find the properties are not property of the estate and deny Debtors' motion to incur debt.

<u>**FINDINGS OF FACT**</u>

Key inherited four properties from his mother more than 180 days after he filed his chapter 13 bankruptcy petition. One of the properties ("Hammond Avenue") is valued at $39,294.00 according

to the taxing authorities.  At the time of his mother's death this property was encumbered by a balloon loan with First Bank of Georgia that matured November 2011.  This property is scheduled to be foreclosed upon in five days and is the subject of the Motion to Incur Debt.

Debtors filed a joint motion for Key to be allowed to incur debt and they amended their Schedules A, I and J to disclose the properties and evidence Debtors' purported ability to pay the loan and fund their chapter 13 plan.  The motion to incur debt requests approval for Key to incur debt not to exceed $21,445.77 with monthly payments of no more than $338.28 for 35 months at 7.5% interest.  Upon approval of the motion, Debtors plan to put in the necessary sweat equity to attempt to make the property habitable in order to rent the property.

At the hearing, Key testified even if he does the work himself, the repairs to Hammond Avenue will cost at least $10,000.00 and take about a year to complete.  He also testified that all four properties need major repairs.  Some of the properties may even need to be demolished.  In addition to the Hammond Avenue property, one of the other properties is encumbered by a loan with another lender.

Key provided candid testimony as to the properties' disrepair.  Notwithstanding the tax valuations of approximately $154,000.00, Key said a realtor recently valued the Hammond Avenue

2

property along with the two adjoining tracts at approximately $22,000.00. The other property is fully encumbered by a loan to a third party. Key thinks the combined value of all four properties is less than the debt owed.

### CONCLUSIONS OF LAW

Property of the bankruptcy estate is defined in 11 U.S.C. §541(a)(5) as follows:

> (a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:
>
> .
> .
> .
> .
>
> (5) Any interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor acquires or becomes entitled to acquire within 180 days after such date—
>
> (A) by bequest, devise, or inheritance;
>
> (B) as a result of a property settlement agreement with the debtor's spouse, or of an interlocutory or final divorce decree; or
>
> (C) as a beneficiary of a life insurance policy or of a death benefit plan.

11 U.S.C. §541(a)(5).

Furthermore, in a chapter 13 bankruptcy, §1306 of the Bankruptcy Code provides in pertinent part:

> (a) Property of the estate includes, in

3

> addition to the property specified in section
> 541 of this title-
>
> (1) all property of the kind specified in such
> section that the debtor acquires after the
> commencement of the case but before the case is
> closed, dismissed, or converted to a case under
> chapter 7, 11, or 12 of this title, whichever
> occurs first . . . .

11 U.S.C. §1306.

The Chapter 13 Trustee ("Trustee") notes in the context of a chapter 13 bankruptcy, property of the estate is expanded and includes in addition to the property specified in section 541 of this title . . . all property of the kind specified in such section that the debtor acquires after the commencement of the case, but before the case is closed, dismissed, or converted . . . ." 11 U.S.C. §1306(a)(1). The Trustee argues §1306(a)(1) results in the chapter 13 bankruptcy estate including these post-petition inheritances regardless of when Key became entitled to receive the bequest, devise or inheritance. I disagree. The Trustee's interpretation overlooks the express time limitation set forth in §541(a)(5) and the portions of §1306(a)(1) that provide that the estate includes the property specified in §541 and all property "of the kind specified in such section" that the debtor acquires after the commencement of the chapter 13. Id.

Section 541(a)(5) expressly excludes inheritances that a debtor becomes entitled to receive more than 180 days after the

4

petition date.  I find the general language of §1306(a)(1) does not pull property expressly excluded by §541(a)(5) into the property of the estate.  "It is fair to conclude that if the provisions of Section 541 apply to define property of the estate the exclusions also apply as set forth in Section 541(a)(5)."  In re Schlottman, 319 B.R. 23, 25 (Bankr. M.D. Fla. 2004)(interpreting §1306(a)(1) and §541(a)(5)(C) and holding proceeds from a life insurance policy are not property of the chapter 13 estate where debtor became entitled to acquire such proceeds more than 180 days after the petition date).

In an analogous case involving §1306 and the exclusions of §541(b), the bankruptcy court noted:

> Not only does this Court find no textual basis to hold that §1306 does not incorporate on a prospective basis the exclusions provided by §541(b), this Court finds this reading to be at odds with the nature of chapter 13 cases. Unlike cases commenced under chapters 7 and 11, the petition date in chapter 13 proceedings is not determinative of the scope of a chapter 13 estate.  Section 1306(a)(1) incorporates into a chapter 13 estate 'all property of the kind specified in [§541] that the debtor acquires *after the commencement of the case but before the case is closed, dismissed, or converted . . . .*'  11 U.S.C. §1306(a)(1) (emphasis added). This language makes clear that property of the type specified by §541 that is acquired post-petition by a chapter 13 debtor . . . becomes part of that debtor's chapter 13 estate . . . . Based on the reference in §1306 to the entirety of §541, this Court finds a reading of §1306 that incorporates on an ongoing basis the

> exclusions of §541(b), inclusive of §541(b)(7),
> to be more consistent with the dynamic nature
> of chapter 13 cases.

In re Egan, 458 B.R. 836, 846 (Bankr. E.D. Pa. 2011)(alterations in original).  Like the exclusions of §541(b), §541(a)(5) specifically excludes certain property that a debtor becomes entitled to receive more than 180 days after the filing of the petition.  The Trustee argues §1306 includes all the property described in §541, despite the exclusory language of §541(a)(5).  Since §1306(a)(1) is not limited to the property in §541(a), such a broad reading would also arguably bring into the estate all the property excluded by §541(b) and (c)(2).  I find the Trustee's construction too broad.  "The preamble of §1306 and subsection (a)(1) both make reference to the entirety of §541, not just §541(a).  The text provides no basis to read the references in §1306 to §541 to incorporate only the inclusions provided under §541(a) and not the exclusions provided under §541(b)."  Id. at 845.

The Trustee argues that applying the express temporal elements of §541(a)(5) to §1306(a)(1) renders portions of §1306(a) superfluous.  However, as Judge Dalis recently pointed out:

> the Trustee's interpretation renders the time
> limitations included in §541(a)(5) void . . . .
> [A] proper construction of the provisions
> incorporates the time limitation of §541(a)(5)
> into §1306(a)(1). In this way, 'of the kind
> specified' draws in all of the specifications
> set forth in §541(a)(5) rather than discarding

6

✎AO 72A
(Rev. 8/82)

> a time limitation—a defining clause—absent evidence that Congress had intended that result. . . .
>
> In addition, principles of statutory construction advise that general provisions within a statute should not, as a rule, be read to supersede specific substantive provisions. <u>Morales v. Trans World Airlines, Inc.</u>, 504 U.S. 374, 385, 112 S.Ct. 2031, 119 L.Ed.2d 157 (1992); <u>In re Bateman</u>, 331 F.3d 821, 825 (11th Cir.2003). Here, the more specific date restriction that helps define the kind of property included in the estate pursuant to §541(a)(5) controls and is not superseded by conflicting temporal elements of §1306(a)(1).

<u>In re Walsh</u>, 2011 WL 2621018 at *2 (Bankr. S.D. Ga. June 15, 2011). Section 1306(a)(1) clearly alters §541(a)(1). The language of §1306(a)(1) tracks almost exactly the language of §541(a)(1) and it specifically incorporates into the chapter 13 estate all the §541(a)(1) interests of the debtor in such property "as of the commencement of the case" and all such property the "debtor acquires after the commencement of the case"; however, it does not alter the specific defining time clause of §541(a)(5). 11 U.S.C. §541(a)(1) and §1306(a)(1); <u>In re Walsh</u>, 2011 WL 2621018 at *2.

Under the Trustee's broad interpretation of §1306(a)(1), there arguably would have been no need for Congress to enact §1306(a)(2). By the provisions of §1306(a)(2), which pulls post-petition wages into the chapter 13 estate, Congress specifically addressed the express exclusion in §541(a)(6) of post-petition

7

earnings from property of the estate. Congress did not take such steps to include the property excluded in §541(a)(5). For these reasons, I find applying the time limitation of §541(a)(5) to chapter 13 cases does not render §1306 superfluous.

The Trustee cites In re Wetzel, 381 B.R. 247, 254 (Bankr. E.D. Wis. 2008), In re Drew, 325 B.R. 765, 770 (Bankr. N.D. Ill. 2005), In re Nott, 269 B.R. 250 (Bankr. M.D. Fla. 2000), In re Tworek, 107 B.R. 666, 668 (Bankr. D. Neb. 1989) and In re Eurle, 70 B.R. 72 (Bankr. D.N.H. 1987) as persuasive authority that an inheritance received by a chapter 13 debtor more than 180 days post-petition is property of the estate. After reviewing these cases, I do not find them persuasive. These cases do not provide much analysis on the interplay of §541(a)(5) with §1306(a) nor do they analyze the seeming conflict of §541(a)(5) and §541(b) expressly excluding property from the bankruptcy estate and §1306(a)(1)'s use of general language to include certain property in the estate.

After concluding that the inheritance is not property of the estate, I must turn to the issue of whether Key should be allowed to incur debt in order to renew the mortgage and place it in his name. Allowing Key to incur this debt would result in Debtors using property of the estate, as defined in §1306(a)(2), to pay this debt with the hope of ultimately renting the property to generate income. The Trustee opposes the motion, arguing the property is not

8

necessary for fulfillment of Debtors' plan and incurring the debt will deplete the money available to pay creditors. Debtors cannot afford to hire someone to do this work and Key would do the work himself. He estimates it would take a minimum of a year to complete the work. The costs of completing the renovations would exceed $10,000.00. Under the terms of the confirmed plan, Debtors have approximately two months remaining in their 36 month plan. Statutorily, chapter 13 plans may not exceed five years so, at most Debtors have 26 months remaining in their case. See 11 U.S.C. §1322(d) and §1325.

General Order 2010-2 of the Southern District of Georgia sets forth the procedure for a chapter 13 debtor seeking to incur debt post-petition.[1] The General Order states that for approval,

---

[1]  General Order 2010-2 states in pertinent part:

The Court recognizes that after the filing of a petition under chapter 13 of the bankruptcy code it may be necessary for a debtor to enter into agreements with creditors to modify security interests in real property of the debtor or to incur consumer debt *to obtain goods or services necessary to the debtor's performance under a chapter 13 plan*. As set forth in 11 U. S. C. §1305(c), where prior approval of the trustee is practicable to obtain,

IT IS HEREBY ORDERED that the case trustee is authorized, without further order of this Court, to grant permission to the debtor to enter into agreements to modify a security interest in the debtor's real property or to incur debt as set forth in 11 U. S. C. §1305. Nothing in this General Order is to prevent the trustee from denying

9

✎AO 72A
(Rev. 8/82)

the need to incur consumer debt should be "necessary to the debtor's performance under a chapter 13 plan." Bankr. S.D. Ga. Gen. Order 2010-2. Based upon the evidence presented, I find the motion to incur debt should be denied. Debtors have not shown the need to take on this additional mortgage while paying their unsecured creditors nothing. Debtors do not reside at this property and it is not necessary for their reorganization. The expenses are significant given the value of the property. There is no prospective tenant and there is a significant likelihood the property will never be habitable. The $338.28/month necessary to service the debt will deplete the sums Debtors have available to fund their chapter 13 plan. This does not even include the sums necessary to conduct the renovations nor does it include taxes and insurance. Key acknowledges his case is already a tight case. Given that the properties are not property of the estate, the fact that any rental income is extremely speculative, and the feasibility concerns, I do not find this debt is necessary for the Debtors' performance of their chapter 13 plan and therefore I deny the

---

a request from the debtor to so modify or to incur debt, or prevent the debtor from filing a motion seeking Court approval of a debtor's request to so modify or to incur debt. Applications depicting the approval of the chapter 13 trustee to so modify or to incur debt may be filed with the Clerk's office in accordance with the Court's filing procedures.

Bankr. S.D. Ga. Gen. Order 2010-2 (emphasis added).

10

motion.  <u>See e.g.</u> <u>In re Nesser</u>, 206 B.R. 357, 371 (Bankr. W.D. Pa. 1997)(denying chapter 13 debtor's motion to incur debt to open a pub where the likelihood of success was too speculative).

For the foregoing reasons, I find the properties are not property of the estate and the Debtors' Motion to Incur Debt is ORDERED DENIED.

SUSAN D. BARRETT
CHIEF UNITED STATES BANKRUPTCY JUDGE

Dated at Augusta, Georgia
this  2ⁿᵈ  Day of February 2012.

11